**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  12-cv-1255-JD** |
| | : | |
| **JOSEPH J. DOUGHERTY and BRIAN** | : | |
| **CHARLES DOUGHERTY, individually,** | : | |
| **and d/b/a VAULT ULTRA LOUNGE,** | : | |
| **a/k/a VAULT,** | : | |
| | : | |
| **Defendants.** | : | |

_____

**DuBOIS, J.**                                                                          **June 11, 2012**

**M E M O R A N D U M**

**I. INTRODUCTION**

      In this case, plaintiff J & J Sports Productions, Inc. ("J & J") makes claims against

defendants Joseph J. Dougherty and Brian Charles Dougherty individually and as principals of

the Vault Ultra Lounge ("Vault"), a bar located at 460 North Second Street, Philadelphia,

Pennsylvania, for violating 47 U.S.C. §§ 553 or 605. The claims stem from an allegedly unlawful

exhibition of a televised boxing match at Vault. Defendants filed a Motion to Dismiss under

Federal Rule of Civil Procedure 12(b)(6) arguing that the Complaint consists of conclusory

allegations that are insufficient to state a claim for relief. For the reasons stated below, the Court

denies defendants' motion.

## II. BACKGROUND[1]

Plaintiff, a California corporation, had the right to distribute the television broadcast of a boxing match between Manny Pacquiao and Juan Manuel Marquez that took place on November 12, 2011 ("Broadcast"). (Compl. ¶¶ 6, 18.) Plaintiff thereafter negotiated agreements with several venues in Pennsylvania allowing them to exhibit the Broadcast to their patrons. (Id. ¶ 19.) Plaintiff did not grant Vault the right to exhibit the Broadcast to its patrons. (Id. ¶ 20.) Despite knowing that they did not have the right to exhibit the Broadcast publicly, defendants intercepted the Broadcast signal and publicly exhibited the Broadcast at Vault. (Id. ¶ 21.) Defendants imposed a cover charge of twenty dollars per person on November 12, 2011, (id. ¶ 15), and advertised that Vault would be exhibiting the Broadcast, (id. ¶ 16).

Plaintiff makes a number of allegations relating to Joseph and Brian Dougherty's individual responsibility for the events in question. Plaintiff alleges that the Doughertys "are principals" of Vault, (id. ¶ 9), and "were the individuals with supervisory capacity and control over the activities occurring [at Vault] on November 12, 2011," (id. ¶ 10). Plaintiff also alleges that Joseph and Brian Dougherty "were the individuals with close control over the internal operating procedures and employment practices of [Vault]," (id. ¶ 11), and that they "received a financial benefit from the operations of [Vault] on November 12, 2011," (id. ¶ 12).

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a civil plaintiff must allege facts that "'raise a right to relief above the speculative level.'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint

---

[1] As required on a motion to dismiss, the Court takes all plausible factual allegations contained in plaintiff's Complaint to be true.

must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court used a "two-pronged approach," which it later formalized in Iqbal. Iqbal, 556 U.S. at 679–80; Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Under this approach, a district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 556 U.S. at 679. The court must then assess "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s] . . . to determine" whether it states a plausible claim for relief. Id. at 680.

## IV. DISCUSSION

Defendants argue in their Motion to Dismiss that plaintiff has not pled facts sufficient to establish their personal liability for a violation of either 47 U.S.C. § 553 or § 605. Section 553 makes it illegal to "intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so." Section 605 makes it illegal to "divulge or publish the existence, contents, substance, purport, effect, or meaning" of "any interstate or foreign communication by wire or radio."  The Complaint does not specify how defendants intercepted the Broadcast. Rather, plaintiff states that, "[w]ithout further discovery from and/or admission by [d]efendants, [p]laintiff cannot determine if [d]efendants

intercepted [p]laintiff's signal via cable system, in violation of 47 U.S.C. § 553, or via a satellite transmission, in violation of 47 U.S.C. § 605." (Compl. ¶ 34.) Thus, plaintiff pleads in the alternative by alleging a violation of both statutes. (Id.) Courts in the Third Circuit routinely allow such alternative pleading in similar contexts. See, e.g., Circuito Cerrado, Inc. v. Katuran, No. 10-4343, 2011 WL 3925245, at *2 n.13 (E.D. Pa. Sept. 6, 2011); J & J Sports Prods., Inc. v. 4326 Kurz, Ltd., No. 07-3850, 2008 WL 4630508, at *3 (E.D. Pa. Oct. 17, 2008).

To establish personal liability for a violation of either section, plaintiff must show that defendants had a "right and ability to supervise the alleged violation[]," that defendants "exercised control over those activities," and that defendants had a "direct financial interest" in those activities. Circuito Cerrado, 2011 WL 3925245, at *2; accord J & J Sports Prods., Inc. v. Shafik, No. 10-3809, 2011 WL 1240559, at *2 (E.D.N.Y. Feb. 11, 2011) (Azrack, M.J.); J & J Sports Prods., Inc. v. Welch, No. 10-0159, 2010 WL 4683744, at *6 (E.D.N.Y. Nov. 10, 2010). Allegations of ownership of the establishment, without more, are insufficient to establish personal liability under either section. J & J Sports Prods., Inc. v. 291 Bar & Lounge, LLC, 648 F. Supp. 2d 469, 473 (E.D.N.Y. 2009) (adopting report and recommendation).

In this case, plaintiff has pled facts that, if true, are sufficient to establish defendants' personal liability. The Complaint states that defendants had "supervisory capacity and control over the activities occurring" at Vault, (Compl. ¶ 10), and had "close control over the internal operating procedures" on the date in question, (id. ¶ 11). The Complaint also states that defendants "received a financial benefit from the operation" of Vault, (id. ¶ 12), and alleges that defendants "imposed a cover charge of $20.00 per person," (id. ¶ 15). Thus, plaintiff has alleged that defendants had the ability to supervise the alleged violation, that they exercised control over

the activities in question, and that they derived a direct financial benefit. See Circuito Cerrado, 2011 WL 3925245, at *2.

Defendants urge this Court to follow a number of cases in which other courts have dismissed similar claims by J & J. First, defendants cite J & J Sports Productions, Inc. v. 291 Bar & Lounge, LLC, 648 F. Supp. 2d at 473. However, in that case, J & J failed to allege a "'right and ability to supervise' the violations" or any "direct financial interest in the misconduct." Id. (quoting Softel, Inc., v. Dragon Med. & Scientific Commc'ns, Inc., 118 F.3d 955, 971 (2d Cir. 1997)). Unlike the 291 Bar case, J & J has specifically pled those facts in this case.

Defendants also ask the Court to follow J & J Sports Productions, Inc. v. MayrealII, LLC, No. 11-3345, 2012 WL 346649 (D. Md. Feb. 1, 2012). In that case, the complaint failed to allege any facts at all specific to the individual defendants' liability. Rather, the complaint merely stated,

> Defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments.

Id. at *1. Thus, like 291 Bar, the MayrealII is distinguishable from the instant case. Plaintiff in this case has alleged that defendants exercised control over Vault and derived direct financial benefit from the unlawful exhibition of the Broadcast. (Compl. ¶¶ 9–12.). Cf. also J & J Sports Prods., Inc. v. Torres, No. 09-391, 2009 WL 1774268, at *1 (M.D. Fla. June 22, 2009) (dismissing complaint containing allegations almost identical to those in MayrealII).

Because plaintiff has alleged that defendants had a right to supervise the alleged violation, exercised control over the interception of the Broadcast, and derived a direct financial benefit from the public exhibition of the Broadcast, the Court concludes that plaintiff has stated a claim against the defendants in their individual capacity upon which relief may be granted.

5

**V. CONCLUSION**

Defendants' Motion to Dismiss is denied for all of the foregoing reasons.

An appropriate Order follows.